MURNEY v. The SYLVESTER HALE. See Case No. 13,712.

MURPHEY (WILKINGS v.). See Case No. 17,663.

## Case No. 9,945.

MURPHREY et al. v. OLD DOMINION INS. CO.

[5 Ins. Law J. 297.]

Circuit Court, E. D. North Carolina. June Term, 1875.

FIRE INSURANCE—APPLICATION—FALSE REPRESENTATIONS.

[1. Where the beneficiaries of an estate make application for insurance on buildings constituting part of the trust estate, representing themselves, in the application, to be the absolute owners of the property, this is a false representation which will vitiate the policy, where the representations are expressly declared to be warranties.]

[2. Where the assured have signed the application, either personally or by their agent, they are bound by the representations contained in it, although the same are shown to be in the handwriting of the insurance company's agent, unless they prove that the answers to the ques-

tions therein stated are not their answers, and were not assented to by them.]

On petition from superior court of Greene county.

Faircloth & Granger, for plaintiffs.

The plaintiffs in the above-named action, complaining of the defendant, allege:

1. That the plaintiffs, S. J. Murphrey and M. O. Murphrey, were on the 1st of July, 1874, and still are, partners, trading under the name and style of Murphrey & Co., and the plaintiff B. F. Murphrey was then and still is the trustee of the said M. O. Murphrey.

3. That on the first day of July, 1874, in consideration of the payment by the plaintiffs to the defendant of the premium of forty dollars, the defendant, by their agent duly authorized thereto, made their policy of insurance in writing, a copy of which will be filed as a part of this complaint, and thereby insured the plaintiffs, Murphrey & Co., against loss or damage by fire to the amount of two thousand dollars upon their stock of general merchandise, such as is usually kept in a country store, contained in a one and a half story frame shingle roof storehouse, occupied by said Murphrey & Co. as such, situated on what is known as the "Murphrey Farm," near Hookerton, Greene county, North Carolina.

4. That on or before said July 1, 1874, the plaintiffs, Murphrey & Co., made in writing, and filed with the defendant, an application for said policy of insurance, which is filed as a part of this complaint.

5. That at the time of making said application and insurance, and from then and until the fire hereinafter mentioned, the plaintiffs, Murphrey & Co., had an interest in the property insured as aforesaid, as the owners thereof, as follows: The said S. J. Murphrey one-half absolutely in her own right; the said M. O. Murphrey the other half absolutely as cestui que trust, and the plaintiff B. F. Murphrey holding the legal title absolutely to the latter half as trustee, for the sole use and benefit of the said M. O. Murphrey, to an amount exceeding the amount of said insurance.

6. That on the 24th of July, 1874, said storehouse, goods, and stock of general merchandise were totally destroyed by fire, the plaintiffs on their part having duly performed all the conditions and stipulations of said application and of said policy of insurance.

7. That the plaintiffs duly fulfilled all the conditions and stipulations of said application and of said policy of insurance on their part, and more than sixty days before the commencement of this action gave to the defendant due notice and proof of the fire and loss aforesaid as required, and demanded payment of the said sum of two thousand dollars, which was refused before this action was commenced.

8. That on said 1st of July, 1874, the property of the estate of J. T. H. Murphrey, deceased, independent of the property included in said insurance, was and still is more than sufficient to pay all debts and demands against said estate and the expenses of administering the same.

William F. Dortch, for defendant.

The defendant, answering the complaint herein, says:

1. That it is not true, as defendant is informed and believes, that the plaintiffs, S. J. Murphrey and M. O. Murphrey, were on the first day of July, 1874, and still are, partners. On the contrary, the defendant is informed and believes that they were then and are now married women, and the defendant is informed and believes that they have never become free traders. That defendant is informed and believes that the said S. J. Murphrey was on the first day of July, 1874, and is now, the wife of D. A. Murphrey, and that said M. O. Murphrey was at said date, and is now, the wife of B. F. Murphrey, her trustee.

3. That paragraph third is true, except that the payment of forty dollars was made by the plaintiff B. F. Murphrey, as defendant is informed and believes, and defendant insured, not the plaintiffs, but Murphrey & Co., whom the agent of the defendant supposed to be the said D. A. Murphrey and B. F. Murphrey, the latter having made the application for insurance, and having signed the same, and fraudulently concealed from said agent the fact (if it was a fact) that the said S. J. Murphrey and M. O. Murphrey were interested in said goods, and having further fraudulently concealed the fact that the title to one-half of said goods was in himself as trustee of said M. O. Murphrey, as defendant has been informed and believes he did.

4. That paragraph fourth is admitted to be true, except that defendant is informed and believes that the application was made by B. F. Murphrey, and was signed by him in the name of Murphrey & Co.

5. That defendant is informed and believes that paragraph fifth is not true. On the contrary, defendant is informed and believes that said property insured was, in part the property of the said D. A. Murphrey and B. F. Murphrey, and that a portion thereof belonged to the estate of J. T. H. Murphrey, who had recently died leaving a will, to which the said D. A. Murphrey qualified as executor.

6. Defendant believes it to be true that said storehouse, and the goods and merchandise which were then in said storehouse, were destroyed at the time stated; but defendant says it is not true that plaintiffs, on their part, have duly performed all the conditions and stipulations of said application and policy of insurance.

7. That no part of paragraph seven is true, as defendant is informed and believes, except that plaintiffs demanded payment, which was refused, before this action was commenced. Defendant admits that more than sixty days' notice was given, but says that due notice

and proof of the fire and loss as required was never given.

8. Defendant is informed and believes that paragraph eighth is not true. On the contrary, defendant is informed and believes that the personal estate of the said J. T. H. Murphrey is largely insufficient to pay his debts.

10. Defendant further says. upon information and belief, that the plaintiff B. F. Murphrey. at the time of the application for said insurance, not only concealed the true ownership and value of said goods, but fraudulently represented the ownership thereof, and fraudulently represented the value thereof to be much more than they were really worth; that plaintiffs fraudulently claim to have lost goods by said fire, of much larger value than were in said store at the time of said fire. Wherefore the defendant demands judgment for costs, etc.

The plaintiffs ask the court to instruct the jury as follows: 1. That the delivery over to the plaintiffs of the goods bequeathed in the testator's will vested in them the title thereto. and this without regard to the sufficiency of personal assets to meet the testator's liabilities. 2. That the defendant, not being a creditor, nor having any interest in the testator's estate, cannot question the title as derived under the delivery and assent of the executor. 3. That the plaintiffs having the goods, and the right thereto, have an insurable interest therein entitling them to maintain the action. 4. That the plaintiffs had a perfect title, within the meaning of the conditions of the policy. 5. That if the jury believe that the defendant's agent, R. S. Shields, only made inquiry as to the name of the firm to be insured, and the value of the goods, and upon that prepared the application and policy, there was no misrepresentation or concealment vacating the policy. 6. That if no fraudulent representations or concealment were made, and the representations were honestly made as to the property insured and its value, the plaintiffs are entitled to recover the value of the goods, not exceeding the sum insured at the time of the fire.

The defendant prays the court to instruct the jury: 1. That, under the contract contained in the policy of insurance mentioned in the complaint, the plaintiffs, Murphrey & Co., have expressly warranted that all the statements made in their application for insurance, filed with said complaint, are absolutely true. Bobbitt v. Liverpool & London & Globe Ins. Co., 66 N. C. 70. 2. That the burden of proving, to the satisfaction of the jury, that all of said statements are true, rests upon the plaintiff. 3. That if the jury find that any one or more of said statements were not true at the date of said application, to wit, on the 1st day of July, 1874, the plaintiffs are not entitled to recover. 4. That the plaintiffs having positively stated in their said application that an account of stock had been taken within four months just before the said 1st day of July, 1874, and having admitted on the trial that no such account had been taken since the month of February, 1873, they cannot maintain this action. 5. That the plaintiffs having positively stated in their said application that their title in the goods insured was "absolute," if the jury find that their said title was on the said 1st day of July in any respect less than absolute. they cannot maintain this action. 6. That what constitutes an "absolute title" is a question of law arising upon admitted facts, and the correctness of the copy of the will of J. T. H. Murphrey, introduced in evidence by the defendant, not being disputed, and the title to said goods being admitted to have been in the said J. T. H. Murphrey previously to his death, the plaintiffs' title in said goods was on the said 1st day of July not absolute, and they cannot maintain this action. 7. That the plaintiffs have not even offered to prove all the statements contained in the said application to be true, and must therefore fail in this action. 8. That the plaintiffs having, in their proof of loss, arrived at the value of the goods destroyed by a calculation which estimates the goods bought from Spiser to have been worth $3.200, when in fact they only cost J. T. H. Murphrey $2,200, which value they state in their said proof to have been $2,700, the defendant is entitled to have the said value reduced by $1,000, and in no case can the plaintiffs recover to exceed $1,-700.

BOND, Circuit Judge (charging jury). If the jury find from the evidence that the title of the plaintiffs to the property insured was derived from the testator, Josiah T. Murphrey, who by his last will and testament devised the same to his son, B. F. Murphrey, to be held in trust solely for the use and benefit of Mary O. Murphrey, wife of said B. F. Murphrey, and her children by him. and, in case she should die without such children, then in trust for the rest of his children and their representatives at the time of such death, and shall further find that the plaintiffs, by their agent, represented in their application for said insurance that their title to the property insured was absolute, then the plaintiffs are not entitled to recover in this action; and if the jury find from the evidence that the said application for insurance was signed by the agent of the plaintiffs, though the same may be in the handwriting of the agent of the insurance company's agent, they are bound by it unless they can show that the answers to the questions therein are not their answers or those of their agent, and that he did not assent thereto. And the measure of damages is the value of the goods destroyed at the time of the fire, not exceeding the sum insured by the policy.

Verdict for plaintiffs of $1.500, with interest. On motion of defendant a new trial was granted, after which the case was compromised by payment of $800 and costs by defendant.